BEHRENS v. THE GERMANIA FIRE INS. Co.

| | |
|---|---|
| 64 | 19 |
| 104 | 412 |
| 64 | 19 |
| f132 | 184 |
| 64 | 19 |
| 142 | 125 |

1. **Insurance**: OVER-VALUATION AS EVIDENCE OF FRAUDULENT INTENT. Where by the terms of the policy the insured could not profit by an over-valuation of the insured property, the evidence that such over-valuation was made with a fraudulent intent should be of a satisfying character, to warrant a court in setting aside a special finding of a jury to the effect that there was no fraudulent intent.

2. ——: OVER-VALUATION: DOES NOT DEFEAT RECOVERY. Where plaintiff represented the goods about to be insured to be worth $2,000, when they were worth only $1,200, *held* that, in the absence of an affirmative showing of a fraudulent intent, such over-valuation would not, as matter of law, defeat a recovery upon the policy. See cases cited in opinion.

3. ——: PROVISION AGAINST ADDITIONAL INSURANCE: NOT OPERATIVE WHERE ADDITIONAL INSURANCE IS INVALID. Where a policy of insurance provided that it should be void in case other insurance was obtained upon the property without the consent of the company, *held* that the company could not avoid liability on the ground of such other insurance, where it appeard that such other insurance was invalid, and was so treated by the company issuing the policy therefor. *Hubbard v. Hartford Fre Ins. Co.*, 33 Iowa, 325, followed.

4. **Practice in Supreme Court:** STARE DECISIS. Where the rule announced in a decision of this court has been the law of the state for fifteen years, it will be adhered to without any attempt to vindicate its correctness.

5. **Estoppel:** FACTS NOT CONSTITUTING. Acts of plaintiff done after the time when defendant claims to have been misled thereby are no ground of estoppel.

*Appeal from Dubuque Circuit Court.*

SATURDAY, JUNE 7.

ACTION on a policy of insurance in the usual form, to recover damages sustained by the destruction by fire of the property insured. The defendant pleaded, *First*, that the plaintiff falsely and fraudulently over-valued the property insured; *Second*, that additional insurance had been obtained on the property without the written consent of the defendant; and, *Third*, that plaintiff commenced an action against the company in which the additional insurance had been obtained, and averred in the petition in said action certain matters and things in relation to the validity of the insurance, on which the defendant relied, and therefore declined to pay the loss on the policy sued on, and had incurred expense in making its defense. There was a trial by jury, verdict and judgment for the plaintiff, and defendant appeals.

*J. C. Longueville*, for appellant.

*Utt Bros.*, for appellee.

SEEVERS, J.—I. The court instructed the jury as follows: "As to the defense stated in the third instruction, you are informed that, if you find that the preponderance of credible evidence establishes that plaintiff, in getting the policy in suit, made a false statement as to stock purchased and added to that already possessed, or intentionally deceived the agent, Deggindorf, as to the value of his property, and thereby obtained the policy in suit, the defendant is entitled to a verdict. But a mere honest mistake as to value is not sufficient to invalidate the policy, and thereby defeat plaintiff's action." No exception is taken to this instruction, and it therefore must be regarded as the law of the case. The jury found specially that the plaintiff represented the value of the property at the time he obtained the insurance to be two thousand dollars, and that its actual cash value at that time was only twelve hundred and forty dollars, and that the plaintiff at the time of procuring the policy "did not knowingly, and with intent to decieve, misrepresent the value of the property" insured.

*1. INSUR-ANCE: over-valuation as evidence of fraudulent intent.*

It is insisted that this finding is contrary to the evidence. We do not think this is so. We have read the evidence carefully, and are unable to reach the conclusion that the plaintiff purposely and with intent to deceive made a false statement of the value of the property. The policy contains this provision: The "amount of such loss or damage is to be estimated according to the actual cash value at the time of the loss." Under the terms of the policy, the plaintiff could not possibly gain anything by the over-valuation. The evidence, therefore, of a fraudulent intent should at least be of a satisfying character to warrant us in disturbing the verdict. We cannot say that the evidence fails to sustain the special finding.

II. Substantially, it is insisted that the over-valuation is so great that, conceding that there was no fraudulent intent, there cannot be a recovery. But, as we have seen, the defendant's liability is not to be measured by the valuation at the time the insurance was effected, but by the actual cash value of the property at the time it was destroyed. Over-valuation by owners of property is a usual occurrence, and made honestly. That is, the owner will place a higher value on his property than his neighbor, and, we doubt not, this is well understood by insurance companies, and we doubt whether anything short of a fraudulent intent should avoid a policy of the character in question. But, be this as it may, the over-valuation in this case is not so great as to justify us in holding as a matter of law that there cannot be a recovery on the policy in question. The decided weight of authority, we think, is in accord with this view. *Bonham v. Iowa Central Ins. Co.*, 25 Iowa, 328; *Franklin Ins. Co. v. Vaughan*, 92 U. S., 516; *Williams v. Phœnix Fire Ins. Co.*, 61 Me., 67; Wood on Insurance § 426; *Dogge v. Northwestern Ins. Co.*, 49 Wis., 501.

*2. ——: over-valuation: does not defeat recovery.*

III. The policy provided that it should become void, if other insurance was subsequently obtained on the property without the written consent of the company endorsed on the policy. Other insurance was obtained without notice to or the consent of the defendant, and the court instructed the jury that the plaintiff could not recover, unless they found that such insurance was invalid, and was so treated and considered by the company issuing the policy, at all times after it discovered such invalidity. This instruction is in accord with the holding in *Hubbard & Spencer v. The Hartford Fire Ins. Co.*, 33 Iowa, 325; and there was evidence tending to show such invalidity, and that the company issuing the policy had at all times so treated it.

*3. ——: provision against additional insurance: not operative where additional insurance is invalid.*

It is urged that the finding of the jury in this respect is against the evidence. But we think the evidence fully sup-

ports the verdict in every respect. In fact, we think if the finding had been otherwise it should have been set aside.

Certain instructions on this subject were asked and properly refused, because there was no evidence upon which they could properly be based. They assume that there was evidence tending to show that the company issuing the subsequent policy had adjusted the loss under it, or had agreed to prepare proofs of the loss. We have been unable to discover any evidence tending to show that the company did not at all times insist that the policy was void. At most, an adjusting agent of the company offered to return the premium received, and pay a comparatively small sum of money, if the plaintiff would deliver up the policy. This, however, was done as a compromise, and to avoid difficulty; but at the same time it was insisted that the policy was void, and that the company was in no manner liable under it.

IV. We are asked to overrule or modify *Hubbard & Spencer v. Ins. Co.*, before cited. This we are not prepared to do.

**4. PRACTICE in supreme court: stare decisis.** The rule there announced has been the law in this state for nearly fifteen years, and we shall not stop to attempt to vindicate its correctness.

V. Because the plaintiff brought an action on such subsequent insurance, it is said he is estopped from maintaining this action. The ground of this claim is that the **5. ESTOPPEL: facts not constituting.** defendant relied on the statements of the petition, and, relying thereon, failed or declined to settle this case, and incurred expense in defending it. The fact is, this action was commenced long prior to the action on the subsequent insurance, and the defendant had vigorously defended it. We are unable to see that the defendant was in any respect misled by the acts or conduct of the plaintiff.

AFFIRMED.