### HENRY G. TOWNE vs. SPRINGFIELD FIRE AND MARINE INSURANCE COMPANY.

Hampden.      Sept. 27, 1887. — Jan. 7, 1888.   C. ALLEN & HOLMES, JJ.,
                                    absent.

In an action on a policy of insurance against loss by fire, an overestimate of the value of the property lost in the proof of loss, if not made fraudulently, will not avoid the policy, or render the proof of loss insufficient to satisfy a condition in the policy requiring the insured to render a statement of his loss in writing.

If a policy of insurance against loss by fire requires that, in case of loss, the insured shall make a statement in writing, "setting forth the value of the property insured," the property insured need not be set forth in detail.

A provision in a policy of insurance against loss by fire, that all other insurance on the property insured shall be set forth in detail in the proof of loss, is complied with by inserting in such proof a copy of the description contained in another policy of insurance on the same property.

If goods in two buildings are insured, in separate amounts, against loss by fire, by a policy providing that the insured, in case of loss, shall make a statement in writing, setting forth the value of the property insured, and the purposes for which and the persons by whom the building containing the property insured was used, a statement in which the insured claims payment for all the property insured, but in which he refers to one of the buildings only, is insufficient.

CONTRACT, upon a policy of insurance in the form prescribed by the Pub. Sts. c. 119, § 139, against loss by fire upon stock in trade and furniture in a building in Hardwick. The case was referred to a referee, who made an award in favor of the plaintiff, which award was returned to and accepted by the Superior Court, and judgment entered thereon. The defendant appealed to this court. The facts appear in the opinion.

C. A. Brine, for the defendant.

C. L. Gardner, for the plaintiff.

FIELD, J. The referee overruled the objections of the defendant to the admission of the proof of loss as evidence, having found that the "plaintiff did not wilfully swear falsely in his said proof," and ruled that it "was sufficient," and this is the question of law raised by this appeal. The plaintiff inserted at the end of the proof of loss a statement that "any other information that may be required will be furnished on call, and considered a portion of these proofs," but it does not distinctly appear that any other information was called for. The proof of loss contains

the provisions of the policy describing the subject of the insurance, and the corresponding provisions of another policy taken out by the plaintiff in another company, — other insurance being permitted; and it purports to give the " actual cash value of each specific subject thus situated and insured under the aforesaid policies at the time of loss, and the actual loss and damage by said fire on the same, and for which claim is hereby made; " by which it appears that, except articles of the estimated value of $13.66, the claim was for a total loss. For a more particular statement the proof refers to a schedule annexed. This schedule contains in its first clause, " Stock and fixtures in Hardwick store, as per account taken, $6135," and then follow a few small items of goods bought and sold, and of goods saved, making the whole loss $5862.92. The referee has found that the goods were totally consumed by fire, " excepting about $13.66 worth."

The objections taken to this proof are, that it was fraudulently false in the amount stated, did not specify in which of the two buildings mentioned in the policy the goods insured were, or the amount destroyed in either, and did not give any quantities or items in detail; and that, as there was other insurance on the property, not concurrent, the extent of the claim on the defendant did not appear by the proof. The referee has found as a fact, that the proof was not fraudulently false in the amount stated; and this disposes of the first objection. The policy provides that it shall be void " if the insured shall make any attempt to defraud the company, either before or after the loss; " but overestimates of value in the proof of loss, which are not fraudulently made, do not avoid the policy, or make a proof of loss insufficient to satisfy the condition precedent of the policy, that the insured shall render a statement of his loss in writing before the company shall be liable to pay the amount insured. *Little* v. *Phœnix Ins. Co.* 123 Mass. 380, 385.

The policy was the Massachusetts standard policy, and it provided that, " In case of loss or damage under this policy, a statement in writing, signed and sworn to by the insured, shall be forthwith rendered to the company, setting forth the value of the property insured, the interest of the insured therein, all other insurance thereon in detail, the purposes for which and the persons by whom the building insured, or containing the

property insured, was used, and the time at which and the man-
ner in which the fire originated, so far as known to the insured.
The company may also examine the books of account and
vouchers of the insured, and make extracts from the same."

The defendant insured $1800 on the plaintiff's stock of goods
in two-story frame dwelling and store building; $100 on his
furniture and fixtures therein; and "$200 on his goods stored in
old store situate five feet north of new store." The referee finds
that the principal building was wholly occupied by the plaintiff
as a store and dwelling, and that ten feet from this building
was an old store building, formerly used by the plaintiff as a
store, the upper part of which was occupied by an undertaker,
but in the basement of which, as the plaintiff testified, was
" about $300 worth of the plaintiff's goods," which were totally
consumed. The proof of loss states that " the building insured,
or containing the property destroyed or damaged, was occupied
in its several parts . . . . by Henry G. Towne for store and
dwelling." The policy does not in terms require a statement of
the value of the property insured in detail, or a particular state-
ment of the value of the property; and if it be conceded that
from the nature of insurance, and from the provision that the
company " shall either pay the amount for which it shall be
liable, or replace the property with other of the same kind and
goodness," the company could properly require a statement in
detail of a stock of goods, if the plaintiff could reasonably fur-
nish such a statement; still, a neglect or refusal to furnish a
detailed statement would not of itself defeat the plaintiff's claim,
or make the proof of loss insufficient; at most, it would only be
evidence of an attempt to defraud the company. It is not found
that the plaintiff refused to permit an examination of his books
and vouchers, or that his books and vouchers were not all con-
sumed by the fire, or that the plaintiff could have submitted a
more specific statement of his loss, or that the plaintiff fraudu-
lently withheld any information or attempted to defraud the
company. The objection, that the proof does not give quanti-
ties or values in detail, cannot avail the defendant. *Harkins* v.
*Quincy Ins. Co.* 16 Gray, 591. *Wyman* v. *People's Ins. Co.*
1 Allen, 301. *Fowle* v. *Springfield Ins. Co.* 122 Mass. 191, 196.
*Clement* v. *British American Assurance Co.* 141 Mass. 298, 301.

*Catlin* v. *Springfield Ins. Co.* 1 Sumner, 434.   *McLaughlin* v. *Washington County Ins. Co.* 23 Wend. 525.   *Norton* v. *Rensselaer Ins. Co.* 7 Cowen, 645.   *Bumstead* v. *Dividend Ins. Co.* 2 Kern. 81. *O' Conner* v. *Hartford Ins. Co.* 31 Wis. 160.

As the plaintiff set out in his proof an exact copy of the description of the property insured by the other policy which he had obtained, he complied with the requirement that the statement of loss should set forth "all other insurance thereon in detail." If there was any difficulty in applying the two policies to the loss, it was occasioned by the want of particularity in describing the goods lost, and the buildings in which they were when the fire occurred.

The most formidable objection is, that the proof of loss did not distinguish between the goods in the principal store, and the goods in the "old store." From the statement in the proof of loss, with the schedule annexed, it appears with reasonable certainty that the plaintiff made claim for a loss of his whole stock and fixtures "in Hardwick store," excepting goods saved of the value of $13.66, and that these were situated and insured as expressed in the policy; and from the policy it appears that the old store was used as a place of storage for goods belonging to the stock which was kept for sale in the new store. But in the description which is contained in the proof of loss of the building "containing the property insured," there is no reference to the old store, and the statement of "the purposes for which and the persons by whom" the building was used indicates that the plaintiff had in mind only the new store. As the award is for $1924.22, with interest from November 1, 1883, it is plain that the referee must have awarded something for the loss of goods in the old store, because the insurance on property situated elsewhere amounts to only $1900, and the date of November 1 is probably taken as the time when interest would begin to run, being about sixty days from the time when the proof of loss was submitted.

By the policy, the goods in the old store were made a distinct subject of insurance, and these goods were not covered by the other insurance. The defendant, therefore, had an interest in knowing the amount of the damage to the goods in the old store.

We think that the old store must be considered as a building distinct from the new store, and that the proof of loss should have contained a statement of the amount of the damage to the goods in the old store, and the purposes for which and the persons by whom this building was used, and that this has not been done. This particular defect concerns only the insurance upon the goods in the old store, and may not have been seasonably called to the attention of the plaintiff, and the defendant's conduct may have been such as to constitute a waiver, or may estop it from making this objection; but there are no facts found by the referee from which such inferences can be drawn as matter of law, and the referee has found generally that the defendant has not waived its right to have such a proof of loss as is required by law.

For this reason the judgment must be reversed, and the report recommitted to the referee. See *Cumberland* v. *North-Yarmouth*, 4 Greenl. 459. *So ordered.*