the payment of the mortgage when it took the conveyance of the property. So much being assumed, the result arrived at by the court followed inevitably. If, in the present case, the complaint properly alleged as a fact the assumption of the debt by the defendant when it purchased the property at the foreclosure sale, a different question would be presented from that with which we have now to deal. The present complaint is no more sufficient than that in the former action, and for that reason alone, without discussing the sufficiency of the defenses, the demurrer must be overruled, with costs.

Demurrer overruled, with costs.

---

### CHAMBERS v. ALLEN et al.

(Supreme Court, Appellate Division, First Department. May 10, 1901.)

ACTION ON NOTE—PLEADING—REPLY.
> Where, in an action on a note, the answer sets up that plaintiff was not a bona fide holder for value, before maturity, plaintiff must reply and admit or deny the allegations of the answer.

Appeal from special term, New York county.

Action on a note by Sidney C. Chambers against Isaac Allen and Alexander S. Bacon. The answer of Bacon alleged that the plaintiff was not a bona fide holder for value. From an order requiring plaintiff to reply to the allegations of the answer, he appeals. Affirmed.

The following is the opinion of the lower court (SCOTT, J.):

"The defendant Bacon is entitled to know how the plaintiff proposes to meet the affirmative defense set up in his answer. The motion for a reply will be granted."

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Hill, Sturcke & Andrews, for appellant.
Nichols & Bacon, for respondents.

PER CURIAM. Order affirmed.

---

(36 Misc. Rep. 253.)

### AMERICAN MORTG. CO. v. BUTLER et al.

(Supreme Court, Special Term, New York County. November, 1901.)

1. MECHANIC'S LIEN—EXCESSIVE CLAIM—MORTGAGE FORECLOSURE.
> In proceedings to distribute surplus moneys on foreclosure of a mortgage, the fact that the referee decided that one mechanic's lienor or his assignee had a prior claim over another such lienor, but that his claim of lien was in excess of the sum due, does not avoid the lien, where there were no findings that the lien was willfully and intentionally false.

2. SAME—COSTS.
> In proceedings for the distribution of surplus moneys on foreclosure, the successful party is entitled to costs and disbursements.

**3. SAME.**

> Where a reference was had to enable a senior lienor to establish his claim to surplus money, a junior lienor who intervenes and contests is chargeable, where unsuccessful, with motion costs and one-half of the referee's fees.

Action by the American Mortgage Company against Jacob D. Butler and others. Judgment for plaintiff. Motion to confirm report of referee as to the surplus moneys arising from foreclosure of mortgage.

Kenneson, Crain, Emley & Rubino, for first lienor and the motion. M. A. Kursheedt, for second lienor, opposed.

McADAM, J. The suit was to foreclose a mortgage on real property. Judgment followed, the property was sold, and the surplus paid to the city chamberlain. The contest as to such surplus is between the assignee of Martin V. Cook, who filed a mechanic's lien against the property, and one Andrew Mills, who filed a subsequent lien. The referee reported in favor of the Cook lien, and the present is a motion to confirm the report. The only exceptions filed were by Mills, the junior lienor, who claims that, on account of an excessive claim made by Cook, his lien became forfeited and unenforceable. It cannot be inferred from the mere fact that the referee decided that Cook claimed too much that the lienor forfeited his equitable claim upon the property, nor is there anything in the evidence warranting that conclusion. In Ringle v. Iron Works, 149 N. Y. 439, 44 N. E. 175, it is intimated that the statements that make a notice of lien ineffectual must be not only untrue, but "willfully and intentionally" false in some important or material respect. So, in Aeschlimann v. Hospital, 165 N. Y. 296, 59 N. E. 148, 80 Am. St. Rep. 723, the court held that where in such case it appears that the plaintiffs intentionally and by pretense of a fictitious and fabricated demand enormously exaggerated their claim, with intent to defraud, no recovery could be had on the lien. The court carefully observed the obvious distinction between honest mistakes of fact as to value, and willful and intentional exaggeration fraudulently made. In this respect the rule is similar to that applicable to false swearing in proofs of loss on insurance policies, which by the conditions thereof vitiates the contract; but, to have this effect, the swearing "must be intentionally false, whether by a fraudulent overvaluation of the goods destroyed, or a statement of items which really have no existence, or by an undervaluation of what is saved, or in other particulars." Richards, Ins. § 137. An innocent mistake (Thierolf v. Insurance Co., 110 Pa. 37, 20 Atl. 412), or an innocent though exaggerated estimate of value, will not avoid the policy (Maher v. Insurance Co., 67 N. Y. 283; Insurance Co. v. Nichol, 35 N. J. Eq. 291, 40 Am. Rep. 625; Insurance Co. v. Staats, 102 Pa. 529; Towne v. Insurance Co., 145 Mass. 582, 15 N. E. 112). The overvaluation, in order to work a forfeiture, must be so plain that it cannot be accounted for upon the principle that every man is prone to put a favorable estimate upon the value of his own property. Sturm v. Insurance Co., 63 N. Y. 77; Insurance

Co. v. Vaughan, 92 U. S. 516, 23 L. Ed. 740. Where the discrep-
ancy between the representation of the insured and the finding of
the fact by the court or jury is very great, a limit may be reached
where the court will intervene and decide as matter of law that the
amount of the error is consistent only with bad faith. Where a
house was valued at $1,400, and the evidence showed its value to
be about $1,000, it was held that this difference did not establish,
as matter of law, that there had been a breach of warranty against
overvaluation, and that the question as to whether it was designedly
excessive should be decided by the jury as one of fact, and not by
the court as one of law. Smith v. Insurance Co., 47 Hun, 30. See,
also, Behrens v. Insurance Co., 64 Iowa, 19, 19 N. W. 838; Dogge
v. Insurance Co., 49 Wis. 501, 5 N. W. 889. In Ringle v. Iron
Works, supra, a lien was sustained where the lienor, who had a
contract for work amounting to $17,500, filed a lien for a balance
of $3,259, although it was proved on the hearing that work to the
amount of $121.90 had not been done by him. These cases demon-
strate that the objections urged against the Cook lien by the junior
lienor, Mills, are destitute of merit. Indeed, if they were held to be
meritorious, the same imperfection will be found in the Mills' lien.
The proofs clearly sustain the findings of the referee. The ex-
ceptions filed to his report must be overruled, and the report con-
firmed.

The moving party claims costs, and an allowance in addition
thereto. Motion costs and necessary disbursements are all that can
be awarded to the successful party in proceedings to obtain the
surplus moneys arising from the sale of real property under the
foreclosure of a mortgage. No allowance to counsel can be made.
Dudgeon v. Smith, 23 Wkly. Dig. 400; Bank v. Sharer, 25 Hun,
409, 413; In re Gibbs, 58 How. Prac. 502, 504; Cowen v. King, 54
App. Div. 331, 333, 66 N. Y. Supp. 621. As the reference ordered
was necessary to enable the lienor, Cook, to establish his lien and
the amount due thereon, the subsequent lienor, Mills, should only
be charged motion costs and one-half of the referee's fees, which to
such extent were caused by his opposition to Cook's demand, and
in the effort to establish his own lien as a foundation for his claim
to the surplus moneys in preference to Cook. Serve notice of set-
tlement of order.

Ordered accordingly.