(71 Misc. Rep. 530.)

### BRODIE v. O'DONNELL et al.

(Supreme Court, Special Term, New York County. April, 1911.)

Costs (§ 57*)—"Motion"—Statutory Provision.

     Applications for orders directing issuance of executions against the wages of defendant debtors are not "motions" within Code Civ. Proc. § 3236, authorizing the award of costs on motion.

     [Ed. Note.—For other cases, see Costs, Cent. Dig. § 229; Dec. Dig. § 57.*

     For other definitions, see Words and Phrases, vol. 5, pp. 4609, 4610.]

Action by Jacob Brodie against John W. O'Donnell and others. Application by plaintiff under Code Civ. Proc. § 1391, for an order directing issuance of an execution against the wages of defendants. Application denied.

Leo Schafran, for plaintiff.

GREENBAUM, J. Eight ex parte applications under section 1391 of the Code of Civil Procedure for orders directing the issuance of executions against the wages of the several defendant debtors are here presented. The orders desired provide for payment to the plaintiff in each case of $10 costs. All of the judgments are in favor of the same plaintiff and are of various amounts, ranging from $40.14 to $90.43. In each of the cases it appears that the judgments were entered upon a confession signed at some time anterior to the entry of judgment, presumably at the time that loans were made upon which the judgments were entered. The confessions are of like tenor, and in each the defendant stipulates that upon the return unsatisfied of an execution against his property an order may be granted, without notice to him, directing an execution to issue pursuant to the provisions of section 1391 of the Code and granting the plaintiff $10 costs of said motion and all disbursements incurred by him under the judgment. I am of opinion that the provision for $10 costs in each of these applications is unwarranted. But, even if the application may be regarded as a motion, the costs could only be awarded in the exercise of the court's discretion.

"Where costs are discretionary, no stipulation of counsel as to the amount that shall be imposed * * * can control the exercise of this discretion." Cowen v. King, 54 App. Div. 331, 333, 66 N. Y. Supp. 621, 622.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In these cases the court would not exercise its discretion to grant costs if it had the power so to do, in view of the probable character of the claims. These applications are not to be treated as motions in the sense that costs may be awarded within the contemplation of section 3236 of the Code of Civil Procedure. Section 1391, under which these applications are made, provides that a judge or justice of the court of record must grant an order of execution as therein provided. The application is made ex parte and results in a judge's order, and unless the application is a motion within the meaning of section 3236 of the Code no costs may be granted.

"The power to award costs emanates from the statute, and authority for awarding them must be found in the Code of Civil Procedure or they cannot be allowed." Barry v. Winkle, 36 Misc. Rep. 171, 172, 73 N. Y. Supp. 188, 189, and cases cited.

In Edlefson v. Duryee, 21 Hun, 607, 608, an order which was granted ex parte required the defendant to file his answer and imposed $10 costs of motion on the defendant. In reversing this order the court said:

"The appellant is right in his conclusion. The order to file the answer was ex parte, and costs should not have been allowed. Bowne v. Anthony, 13 How. Prac. 301. Besides it was a judge's order. See Brevoort v. Warner, 8 How. Prac. 321. A party might as well insert motion costs in an order of arrest or for time to answer."

An affidavit should also be presented showing what disbursements have been or will necessarily be incurred. The applications will not be granted in their present form.

Applications denied.