## 10985

### TURNER v. SOUTHERN RY. CO.

#### (113 S. E. 360)

NEW TRIAL—LACK OF DILIGENCE IN PRODUCING IMPEACHING TESTIMONY AT TRIAL IS IMMATERIAL, WHERE ADVERSARY ADMITS TESTIMONY WAS INCORRECT.—Plaintiff, in an action for damages to an automobile struck by a train at a crossing, testified that he bought the car new for $3,150. Some time after judgment was entered, defendant filed a motion for new trial because of newly discovered evidence that the car was bought secondhand for $2,350. Plaintiff filed a counter affidavit, stating that he misunderstood the question of defendant's attorney, and that his testimony as to the amount paid for the car was incorrect. *Held*, that plaintiff was not in a position to invoke the principle that defendant did not use due diligence to impeach his testimony at the trial.

Before FEATHERSTONE, J., County Court, Greenwood. January, 1922. Reversed and new trial ordered.

Action by M. W. Turner against Southern Railway Co. Judgment for plaintiff. From order refusing defendant's motion for a new trial on after-discovered evidence defendant appeals.

*Messrs. Bonham & Price,* for appellant, cite: *Refusal was abuse of discretion:* 87 S. C., 549; 106 S. C., 437.

*Messrs. Tillman, Mays & Featherstone,* for respondent, cite: *Result would not have been changed:* 14 S. C., 432.

Aug. 17, 1922.

The opinion of the Court was delivered by MR. JUSTICE MARION.

On January 23, 1922, plaintiff recovered a verdict in the Greenwood County Court for $2,000 on account of injuries to his automobile sustained in a crossing collision, April 13, 1921. A motion for a new trial on after-discovered evidence was made by defendant on March 23, 1922. From order of Hon. C. C. Featherstone, county Judge, refusing the motion, defendant appeals.

The plaintiff, W. M. Turner, testified on the trial as follows:

"Q. Where did you buy the car? A. In Laurens.

"Q. What did you pay? A. $3,150.

"Q. Did you buy it new? A. Yes, sir."

Defendant upon the hearing of the motion for a new trial submitted the sworn statement of P. B. Irby, as follows:

"In May, 1920, I sold a Page Automobile to M. W. Turner, of Greenwood, S. C., for $2,350. * * * I bought this auto that I sold to Mr. M. W. Turner from G. W. Canfield, at Greenwood, S. C., in February, 1920, for $2,250.00, and kept it until I sold it to Mr. Turner."

A counter affidavit of M. W. Turner, the plaintiff, presented at the hearing, contained the following: ·

"Deponent further says that he was a witness at the trial of the said cause, and that he did not understand at any time the attorney for the defendant to ask him what he paid for the said car. His understanding of the question asked him was what the list price of the car was, or what the cost price of the car was. * * * The automobile was obtained from a Mr. Irby in Laurens, and that it was paid for by deponent taking up a note of Mr. Irby's at the bank and paying Mr. Irby a certain sum in cash, * * * and deponent's recollection is that the automobile cost him when he bought it between $2,500 and $2,600," etc.

It thus clearly appears that the plaintiff, whether through mistake or otherwise, testified on the trial that he had paid $3,150 for the car, when according to Irby he had only paid $2,350, and according to his own admission in the affidavit submitted at the hearing he had not paid more than between $2,500 and $2,600. The defendant offered no evidence upon the issue of damages. That issue, therefore, went to the jury upon a false or erroneous statement of a material fact by a party to the cause. In estimating the amount of damages, the purchase price of the car 11 months before the accident was of primary importance; the jury's finding of $2,000 indicating an estimate of at least $1,000 depreciation from the alleged purchase price of $3,150.

The county Judge in a well considered order disposing of the motion for a new trial, found (1) that the new evidence was discovered after the trial, and (2) that defendant was entitled to the benefit of any doubt that such evidence would have probably changed the result by reducing the amount of the recovery, but concluded (3) that the defendant had failed to show that the evidence could not have · been discovered before the trial by the exercise of due dili-

gence. His refusal of the motion was expressly predicated upon this ground:

"There must be an end of litigation and a litigant is not entitled to his two days in Court without making a clear showing as to the exercise of diligence."

The rule is well settled that in law cases this Court has "no jurisdiction to review orders granting or refusing new trials, when they are based upon or involve the decision of questions of fact, unless it appears that the finding is wholly unsupported by evidence, or the conclusion reached was influenced * * * by some error of law." *Miller v. Railroad Co.,* 95 S. C., 472, 79 S. E., 646; *Mills v. A. C. L. R. Co.,* 87 S. C., 152, 69 S. E., 97, and cases therein cited. In disposing of the motion for new trial we think it is apparent that the conclusion of the learned county Judge was influenced, if not controlled, by an error of law in the application of the principle of due diligence to the peculiar facts of the case at bar. There can be no question as to the validity and importance of the salutary general rule that parties should be held to diligence in the preparation of their cases for trial, and that public policy, looking to the finalty of trials, demands that new trials shall not be granted where alleged newly discovered evidence could with reasonable diligence have been produced at the trial. But we think the principle applicable to the state of facts appearing upon the hearing of this motion is thus correctly stated in 29 Cyc., p. 868:

"But where it is clear that a witness was mistaken in giving the only or controlling testimony to a material fact, or that the testimony of witness on which the verdict proceeded was found on particular circumstances, which have been clearly falsified, a new trial should be granted."

See cases cited, notes 79, 80, p. 868, 29 Cyc., and particularly *Huson v. Egan* (Com. Pl.), 6 N. Y. Supp., 661, where witness misunderstood question. 20 R. C. L. (Com. Pl.), p. 292, § 74; *Cockrell v. State,* 71 Tex. Cr. R., 543, 160 S.

W., 343, 48 L. R. A. (N. S.), 1001.    When the mistake is that of a party to the cause, and is evidenced by a·subsequent written admission under oath of the party himself, the evidence thus presented clearly could not have been produced at the trial and the adversary's lack of diligence in producing impeaching testimony upon the trial becomes immaterial.    See *Guth v. Bell,* 153 Iowa, 511, 133 N. W., 833, 42 L. R. A. (N. S.), 692, Ann. Cas., 1913 E, 142, and note, p. 147.

Upon the hearing of this motion the plaintiff himself in his counter affidavit having admitted in substance that his testimony at the trial as to a material fact was incorrect, if his recovery was based in whole or in part upon his own admittedly false or erroneous statement, he was not in position to invoke the principle that his adversary did not use diligence to impeach his testimony at the trial. It appearing that the erroneous statement probably affected the verdict of the jury upon a material issue, a new trial should have been granted.

The order of the county Court refusing the motion for new trial is reversed, and a new trial ordered.

Reversed.