Note.—Reported in 203 N. W. 511. See, Headnote (1), American Key-Numbered Digest, Criminal Law, Key-No. 829(1), 16 C. J. Sec. 2506; (2) Criminal Law, Key-No. 919(2), 16 C. J. Sec. 2641; (3) Criminal law, Key-No. 1170½(3), 17 C. J. Sec. 2657; (4) Criminal law, Key-Nos. 919(3), 1154, 16 C. J. Sec. 2620, 17 C. J. Sec. 3589; (5) Criminal law, Key-No. 958(6), 16 C. J. Sec. 2720.

On right to question defendant concerning other crimes on cross-examination, see note in 62 L. R. A. 345.

---

THOMPSON et al, Respondents, v. NATIONAL FIRE INSURANCE COMPANY of Hartford, Conn., Appellant.

(203 N. W. 464.)

(File No. 5438.    Opinion filed April 18, 1925.)

1. **Insurance—Mortgagees—Policy in Owner's Name Not Additional Insurance Within Inhibition of Policy Payable to Mortgagee.**

    Policy procured by owner of premises in his own name, without mortgagee's knowledge or consent, held not other or additional insurance within inhibition of policy payable to mortgagee as his interest may appear.

2. **Trial—Directed Verdict—Court Must Pass on Facts Presented by Motions for Directed Verdicts as Matter of Law.**

    Where both parties move for directed verdict, court must pass on facts presented by motions as matter of law.

3. **Insurance—Fraudulent Representations—Representations, to Avoid Standard Policy, Must Be Made with Fraudulent Intent and Be Material to Risk.**

   Representations, to avoid standard policy, of which provision of Rev. Code 1919, Sec. 9335, that all statements by insured shall be deemed representations, not warranties, in absence of fraud, is part, must be made with fraudulent intent and be material to risk.

4. **Appeal and Error—Res Adjudicata—Defendant Not Appealing Cannot Contest Appealing Defendant's Position.**

   Defendant not party to appeal by codefendant and not filing cross-appeal cannot contest codefendant's position; the judgment having become final as to him.

5. **Insurance—Mortgagees—Mortgagee Has Separate Insurable Interest; Mortgagor and Mortgagee May Take Out Separate Policy.**

   Mortgagee has insurable interest separate and distinct from that of mortgagor to extent of debts secured, regardless of any other security, and each may take out separate policy without impairing other's insurance.

6. **Insurance—Double Insurance—Conditions Necessary to Create Double Insurance, Stated.**

   To create double insurance, which will defeat policy of mortgagor or mortgagee, same interests must be insured or either must doubly insure his interest.

7. **Insurance—Proof of Loss—Company Issuing Policy Payable to Mortgagee Held Not Entitled to Proof of Loss by Mortgagor.**

   Company issuing automobile theft policy, payable to mortgagee as its interest may appear, held not entitled to proof of loss by mortgagor under separate policy in his own name, in addition to that of mortgagee and information obtained by its own investigation and recovery of possession and sale of stolen car.

Appeal from Circuit Court, Minnehaha County; Hon. John T. Medin, Judge.

Action by Claude W. Thompson and others, copartners under the firm name of the Thompson Motor Company, against the National Fire Insurance Company of Hartford, Conn., and another. Judgments for plaintiffs against named defendant and for latter against codefendant, named defendant's motion for new trial denied, case dismissed as to codefendant, and named defendant appeals. Judgment against named defendant and order overruling motion for new trial affirmed.

*Cherry & Davenport,* of Sioux Falls, for Appellant.

*Boyce, Warren & Fairbank,* of Sioux Falls, for Respondent.

(5)   To point five of the opinion, Appellant cited:   Antes v. State Ins., 65 Neb. 65, 84 N. W. 413; Reduction Co. v. New Zealand Ins. Co., 138 Fed. 497; Delaware Ins. Co. v. Greer, 120 Fed. 916; Scania Ins. Co. v. Johnson (Col.), 45 Pac. 431; Richmond v. Phoenix Assur. Co. (Me.), 33 Atl. 786; Brecht v. Union & Crown Ins. Co., 160 Fed. 399; Wood Ins. Co. of Pa. (Wash.), 144 Pac. 650; Rawl v. American Central Ins. Co., 94 S. C. 299, 77 S. E. 1013, Ann. Cas. 1915A, 1231; Hail v. Mechanics Mutual Ins. Co., 6 Gray 169, 66 Am. Dec. 410; Smith v. Germania Fire Ins. Co. of Newark (N. J.), 202 Atl. 1088, 18 A. L. R. 1444; Edge v. St. Paul Fire & Marine Ins. Co., 20 S. D. 190, 105 N. W. 281; Ormsby v. Phoenix Ins. Co., 5 S. D. 72, 58 N. W. 301; 26 C. J. 265; Sias v. Roger Williams Ins. Co., 8 Fed. 187; Holbrook v. Baloise Fire Ins. Co., 117 Cal. 561, 49 Pac. 555; Cloud County Bank v. German Ins. Co., 6 Kan. A. 219, 49 Pac. 684; Carpenter v. Providence Wash. Ins. Co., 16 Pet. 495, 10 L. ed. 1044; Gillette v. L. L. & G. Ins. Co., 73 Wis. 206, 9 Am. St. Rep. 784; Grosvenor v. Atl. Fire Ins. Co., 17 N. Y. 391; Buffalo Steam Engine Works v. Sun Mutual Ins. Co., 17 N. Y. 401; Brecht v. Law Union & Crom. Ins. Co., 160 Fed. 399, 18 L. R. A. (N. S.) 197.

Respondent cited:   Gould v. Maine Farmers Mutual Fire Ins. Co., 96 Atl. 732, L. R. A. 1917A, 604; Kelly v. Peoples Nat. Fire Ins. Co., 104 N. E. 188, 50 L. R. A. 1164; Home Ins. Co. v. Koob (Ky.), 58 L. R. A. 58; Carpenter v. Continental Ins. Co. (Mich.), 28 N. W. 749.

DILLON, J.   On April 18, 1921, the Thompson Motor Company sold a Dodge automobile to one Neary for $1,375. Neary paid $375 in cash and gave a chattel mortgage for $1,000. This chattel mortgage provided that Neary should keep the automobile insured against fire and theft in the sum of $1,000, with "loss payable" clause to the Thompson Company, mortgagee.

The Thompson Company, mortgaee, made application for insurance for fire and theft on the automobile to the National Fire Insurance Company of Connecticut, which application was signed in typewriter by C. M. Pier, agent and broker.   The Thompson

Company received a policy by mail with a bill for the premium ($7.50). The Thompson Company paid the premium and kept the policy in their possession while Neary never knew that the policy had been issued until after the car had been stolen.

After this insurance of $1,000 in the National Fire Insurance Company had been issued to the Thompson Company, Neary applied to the Home Insurance Company and procured a policy for $1,300 in that company. This policy was issued direct to Neary and took effect on May 25, 1921, for the period of one year and insured the said Dodge car against fire and theft. There was no provision in it showing that any loss was payable to the Thompson Company as mortgagee, as provided in the chattel mortgage, nor that the automobile was previously mortgaged. The premium on this policy was paid by Neary, and the Thompson Company never knew that it had been issued until after the car was stolen.

The stolen car was discovered about the 27th day of September, 1921, near Tabor in the Missouri river. Shortly thereafter, Mr. Hayward, an adjuster for the National Insurance Company, and Thompson went down to Tabor to look the car over. Hayward then took the car and sold it for $100 and turned the money over to the Thompson Company. The Thompson Company applied it upon the mortgage debt, thus making, at the time the suit was brought, Neary indebted to the Thompson Motor Company upon the mortgage, $721.33. Suit was brought for this sum by the Thompson Company.

Defendant insurance company contends that "there was a double insurance upon the automobile, and that this made the policy void on account of the provision in the policy against double insurance; and that there was a warranty contained in the policy providing that the automobile should be kept in a private garage located at 325 Spring avenue, Sioux Falls, that the automobile was not kept in that garage after the policy was issued, and that this was a breach of warranty, which made the policy void"; and that the evidence in the record is not sufficient to show that the car was stolen and that that issue should have been submitted to the jury; and that no proof of loss was made by Neary, and that the only proof of loss was made by Thompson Company.

[1]    The plaintiff Thompson Company, mortgagee, contends that they took out insurance to protect their own interest in the mortgaged property, and that the morgagor, Neary, without knowledge or consent of the mortgagee, and without knowing that the mortgagee had insured their interests, took out a policy solely to protect his interests; that, by reason of such facts, there was no double insurance. It is also the contention of the plaintiff that since the mortgagee had no control over the automobile, he was not responsible for the place where the car was kept, and that there were no warranties in the application or policy which would avoid the policy. A policy forbids additional insurance which covers different interests, as said in Austin B. Hathaway v. Orient Insurance Co., 134 N. Y. 409, 32 N. E. 40, 17 L. R. A. 514:

"The rights of a mortgagee in a policy payable to him 'as his mortgage interest may appear' cannot be defeated by an accord and satisfaction between the insurer and the owner of the premises who procured the policy in his own name."

It will thus be seen that such policy will not constitute other or additional insurance.

[2]    At the close of the testimony, the court directed a verdict in favor of the Thompson Company for the sum of $721.33, and a judgment against the defendant Neary in favor of the insurance company. The court held that there was no dispute as to the facts upon the issue of the car being actually stolen. We are satisfied that the holding of the court in this respect was clearly sustained by the undisputed evidence; and the court further held that without any collusion or knowledge on the part of the mortgagee, Thompson Company, Neary, the mortgagor, was not in a position to defeat the mortgagee from insuring its own interest, and that the acts of Neary had the effect of defeating the policies taken out with the National Fire Insurance Company and with the Home Insurance Company, but could have no effect upon the right of the mortgagee to insure its property. This court has often held that where both parties move for a directed verdict, it becomes the duty of the court to pass upon the facts presented by the motion as a matter of law. Defendant insurance company then moved for a new trial, which was denied. The appeal is from this order and judgment.

[3]    Section 9335, Rev. Code 1919, provides:

"All statements made by the insured shall in the absence of fraud be deemed representations and not warranties."

This provision is found in the standard form of life insurance policies and becomes a part of every policy. This legislation was passed expressly for the purpose of removing the rigor and hardship that was imposed upon policy holders by making everything pertaining to health and family history a warranty. Since the adoption of the standard policy, the representations sufficient to avoid the policy must be made with fraudulent intent and must also be material to the risk. Dakota Life Insurance Co. v. Morgan, 47 S. D. 361, 199 N. W. 44.

[4-6]    Neary is not a party to this appeal, and can have no right in the absence of a cross-appeal to contest the position taken by the Thompson Company. 4 Corpus Juris, 694. In addition to this judgment has been rendered against him and is now final. The mortgagor's and the mortgagee's interests are distinct and saparate. Neary was dealing with the mortgagee, Thompson Company. The mortgagee, Thompson Company, contends that the policy it took was a policy of insurance for the mortgagee. The Thompson Company sold the automobile and took a mortgage as security. It is not material that the Thompson Company kept the policy in their possession. The insurance was not to protect Neary in any way, but to protect Thompson Company, the mortgagee. "That where a mortgagee takes out insurance to protect his own interest in the mortgaged property and the mortgagor, afterwards, without the knowledge or consent of the mortgagee, and without knowing that the mortgagee has insured his interest, takes out a policy solely to protect the interest of the mortgagor in the property, that there is no such double insurance as will invalidate the first policy issued to the mortgagee." "It is universally held that the mortgagee or grantee in a deed of trust in the nature of a mortgage has an insurable interest in the mortgaged property, entirely separate and distinct from that of the mortgagor or grantor, to the extent of the debt secured, regardless of any other security that he may hold. * * * The respective interests of the mortgagor and the mortgagee may be covered by one policy, or each may take out a separate policy without impairing the insurance of the other even when taken out at the same

time." 26 C. J. 29, § 9. In order to create double insurance which will defeat the policy, the same interests must be insured, the mortgagor must doubly insure his interest, or the mortgagee must doubly insure his interest. "In order that the condition against additional insurance be broken, it must appear, not only that the same property is covered, but also that the same interest in such property is doubly insured. Consequently, two persons having distinct insurable interests in property may each of them insure such interests without infringing the clause under discussion. This rule applies in case of separate insurance; * * * or by mortgagor and mortgagee." 26 C. J. 264, § 330.

[7] It is claimed that no proof of loss was made by Neary. It would be futile to say under the circumstances that Neary should make a proof of loss when he was in default. The insurance company was dealing with the Thompson Company. It was that policy that was being contested. The company had all the information in this proof of loss that showed the interest of the parties in the amount sought to be recovered. The company knew all about the loss. They had investigated it. They took possesion of the stolen car and sold it. Under such circumstances, the company was not entitled to any further proof of loss because they knew more about the theft and condition of the car and its value than either Neary or Thompson. It would therefore seem that whether the mortgagee had any insurable interest must be the test of the right of recovery under this policy, and it being clearly shown, an l thus many of the difficult questions here presented become wholly immaterial. The order overruling the insurance company's motion for a new trial and entering judgment against the insurance company, as well as the order directing dismissal of the case as to Neary, are affirmed.

POLLEY, P. J., and GATES, J., concur in the view that the judgment and order denying new trial should be affirmed.

CAMPBELL, J., not sitting.