ALBERT SUETTERLEIN, Appellant, *v.* NORTHERN INSUR-
ANCE COMPANY OF NEW YORK, Respondent.

(Argued April 24, 1929; decided May 28, 1929.)

*Israel T. Deyo* for appellant. The trial court erred in its conclusion of law that the Baltimore American policy was not void when issued and constituted other insurance covering the loss sustained by plaintiff under the defendant's policy, which other insurance would have attached if the insurance in question had not been effected, and that such additional insurance had attached. (*Murdoch* v. *Chenango Mutual Ins. Co.*, 2 N. Y. 210; *Fowler* v.

*N. Y. Indemnity Ins. Co.*, 26 N. Y. 422; *Howard* v. *Albany Ins. Co.*, 3 Denio, 301; *Ruse* v. *Mutual Ins. Co.*, 23 N. Y. 516; *Steinback* v. *Diepenrock*, 158 N. Y. 24; *Shearman* v. *Niagara Fire Ins. Co.*, 46 N. Y. 526; *Hand* v. *Williamsburgh Ins. Co.*, 57 N. Y. 41; *Woodward* v. *Republic Fire Ins. Co.*, 32 Hun, 365; *Acer* v. *Merchants Ins. Co.*, 57 Barb. 68; *Mead* v. *American Fire Ins. Co.*, 13 App. Div. 476.) The conclusion of the trial court that the policy in suit became void because of the false swearing by the plaintiff touching matters relating to such insurance and the subject thereof is not sustained by the findings. (*Inderlied* v. *Honeywell*, 88 App. Div. 144; *Hubbell* v. *Meigs*, 50 N. Y. 480; *Schuster* v. *Dutchess County Ins. Co.*, 102 N. Y. 260; *Rohrbach* v. *Ætna Ins. Co.*, 62 N. Y. 613; *Stokes* v. *Stokes*, 198 N. Y. 301.)

*Thomas B. Kattell* for respondent. The trial court did not err in its conclusion of law that the Baltimore-American policy was not void when issued and constituted other insurance which would have attached if the insurance in question had not been effected. (*New Brunswick Fire Ins. Co.* v. *Morris Plan Bank*, 136 Va. 402; *Landers* v. *Watertown F. I. Co.*, 86 N. Y. 414; *Lipedes* v. *L. & L. & G. Ins. Co.*, 229 N. Y. 201; *Bigler* v. *N. Y. C. Ins. Co.*, 22 N. Y. 402; *Sanders* v. *Cooper*, 115 N. Y. 279.)

CARDOZO, Ch. J. Plaintiff bought a motor car under a contract of conditional sale, a term of the contract being that insurance for his protection would be taken out by the seller. Thereafter the defendant issued its policy of insurance against fire in the name of the plaintiff as assured, loss payable to the plaintiff and the seller's assignee as their interests might appear. The policy was delivered to the assignee, at whose request it had been issued. It contains conditions against the transfer or change by the assured of his insurable interest; against false swearing by the assured in relation to the loss; and

against other insurance. " No recovery shall be had
under this policy, if at the time a loss occurs there be
any other insurance covering such loss, which would
attach if this insurance had not been effected."

After the delivery of the policy in suit, plaintiff made
application to another insurance company for a policy
of insurance covering the same car to be issued to his
wife. He says he did not know when applying for that
policy that the one in suit had been delivered. The
wife, according to his testimony and hers, had in fact
no interest in the car, but in requesting the new policy
he said that she was owner. The policy was taken in her
name because that had been the practice in the insurance
of the household furniture. Husband and wife believed,
or so at least they testify, that insurance of the car,
though taken in the name of one, would be equally effec-
tive to protect the interest of the other.

A few weeks later the car was destroyed by fire. The
plaintiff filed with the defendant a proof of loss as owner
under the policy in suit; his wife filed a proof of loss as
owner under the policy made out to her. He gave the
answer " no " when the adjuster of the loss inquired
whether there was other insurance covering the loss,
and verified the proofs accordingly. At the same time
he was pressing the other company to make payment
to his wife.

The trial court found that the wife had in truth no
interest in the car; that plaintiff was the sole owner;
and that the second policy of insurance " did not cover
and did not purport to cover the same interest in the
same property " as that covered by the policy issued
by the defendant. The court found, none the less, that
the new policy was " other insurance " within the meaning
of the contract, and that in the failure to declare it there
had been falsehood or deceit. Judgment was directed
for the defendant dismissing the complaint.

A condition that a policy of insurance shall become

void if there is other insurance covering the loss, is broken as soon as a, new policy is issued protecting the same interest, and this whether the later insurance is valid or invalid (*Lipedes* v. *Liverpool & L. & G. Ins. Co.*, 229 N. Y. 201; *Bigler* v. *N. Y. Central Ins. Co.*, 22 N. Y. 402). The law does not ask whether a claim founded on the later policy will be subject to defenses. It halts the inquiry when it finds that a policy, purporting to give insurance, exists " in point of fact " (STORY, J., in *Carpenter* v. *Providence Washington Ins. Co.*, 16 Pet. [U. S.] 495; *Lipedes* v. *Liverpool & L. & G. Ins. Co.*, supra). The aim of the condition is to minimize temptation (*Mussey* v. *Atlas Mut. Ins. Co.*, 14 N. Y. 79, 83). When temptation is invited, the penalty is earned.

The mischief to be repressed being the enhancement of the moral hazard, the absence of the mischief is as competent to narrow the meaning of the condition as the presence of the mischief is competent to extend it. What is presupposed throughout is identity of interests. If the coverage of one policy is an interest wholly separate, in substance as well as in form, from the coverage of the second, there is no " other insurance " within the scope of the condition. The limitation is as settled as the rule itself. A mortgagor's policy will hold though a new policy is issued at the request of a mortgagee; a landlord's insurance is unaffected by the fact that other insurance is procured for the protection of the tenant. " Neither the policy of the law nor the contracts of insurance forbid, but on the contrary permit as many several insurances upon the same property as there are separate interests " (*Dewitt* v. *Agricultural Ins. Co.*, 157 N. Y. 353, 360; *Carpenter* v. *Prov. Wash. Ins. Co.*, supra, at p. 503; *Mut. Safety Ins. Co.* v. *Hone*, 2 N. Y. 235; 4 Joyce on Ins. § 2467).

The question is whether this case is within the territory subject to the operation of the rule or within the territory excluded.

If the wife had been in fact the owner of an interest in the car, or had been believed in good faith to be the owner of such an interest, the plaintiff would not have broken the condition against other insurance by co-operating with her in the procurement of a policy whereby her interest or supposed interest would be protected in the event of fire. What happened was very different. The wife was not in fact the owner of any interest in the property insured. Neither she nor the plaintiff supposed she had an interest. What the plaintiff arranged was to have her masquerade as the owner if a fire should occur, and hold in trust for him the moneys in her hands. This was " other insurance " of the same interest within the meaning of the contract. Unquestionably there would have been a breach of the condition if the trust with all its incidents had been declared in writing in the policy. " If the same man really, and for his own proper account, insures the same goods doubly, though both insurances be not made in his own name, but one or both of them in the name of another person, yet that is just the same thing: for the same person is to have the benefit of both policies " (Lord MANSFIELD in *Godin* v. *London Assur. Co.*, 1 Burr. 489; cf. *Wells* v. *Phila. Ins. Co.*, 9 Serg. & R. [Penn.] 103; 4 Joyce on Insurance, § 2455). The result, we think, must be the same in cases where the trust is secret. Other insurance is prohibited, as we have seen, because the moral hazard is increased with the increase of temptation. Temptation and hazard are the same whether the policy be taken in the name of the real owner or in the name of a " dummy " acting at his bidding (cf. *Mussey* v. *Atlas Ins. Co.*, *supra*). The second insurer might indeed defend if luckily it should learn that the wife, masquerading as owner, was a disguise for the husband, a trustee for his account. On the other hand, it might pay, and then the trust would be effective according to its terms. One person, and one only, was to profit from the two policies in the event of loss by

fire. A different situation would be here if the wife had been expected in proving under the second policy to make disclosure of the truth. The actual arrangement was that without interest or color of interest she should make pretense of ownership, but subject to a hidden trust.

We think these covinous devices are unavailing to avert a forfeiture. The plaintiff chose his wife as his representative or instrument. He will not now be heard to say that she was acting as a stranger. What she did was done for him just as much as it would have been if she had acted in his name. Her concealment may have had the effect to make the later insurance void. It does not avail for that reason to keep the first insurance valid. There has been connivance in the procurement of a policy to be issued for the benefit of the real owner in the name of another whose ownership is fictitious and pretended. There has been connivance in a proof of loss, maintaining the pretense, to the enrichment of the owner through the fraud of the pretender. Everything that agreement is capable of doing to make the later policy available as indemnity to the holder of the first, owner and pretender have done between themselves. We stick in the bark when we say that such conduct may be reconciled with the condition of the policy whereby other insurance is forbidden under penalty of forfeiture.

If there was other insurance at the time of the loss, there was also deceit and false swearing in denying its existence, or so the trier of the facts might not unreasonably find.

The judgment should be affirmed with costs.

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.