## SMITH v. BLANCAS.
### No. 3269.

Court of Civil Appeals of Texas. El Paso.
Oct. 17, 1935.

Rehearing Denied Nov. 14, 1935.

E. B. Elfers, of El Paso, for appellant.

W. H. Fryer and Coyne Milstead, both of El Paso, for appellee.

PELPHREY, Chief Justice.

Prior to September 17, 1924, appellee was the owner of lots Nos. 14, 15, and 16, in block No. 29, and lot No. 18, in block No. 111, Campbell's addition to the city of El Paso, Tex. On that date he executed

and delivered his seven promissory notes aggregating the sum of $3,175, to the First Mortgage Company of El Paso, Tex.; the first four notes being in the principal sum of $400 each, the fifth and sixth being for $500, and the seventh being for $575. To secure the payment of these notes appellee executed to J. M. Pollard as trustee for the First Mortgage Company a deed of trust on all of the lots. The first three notes were duly paid, and in 1928 the First Mortgage Company released the lien securing the three notes and transferred the four remaining, together with the lien securing them, to Sydney Smith. Later Smith loaned appellee $625 to pay taxes then due on the property, and on September 7, 1929, appellee executed and delivered to Smith six promissory notes aggregating the sum of $2,600; the same representing the $1,925 remaining unpaid on the loan from the First Mortgage Company and the $625 advanced to pay taxes. An agreement renewing the four notes was entered into by appellee and Smith in which it was agreed that the rents and revenues from the property should be applied to the payment of the current outstanding accounts against the property, then to the payment of the interest on the entire indebtedness, and then to the payment of the principal of the notes 1 and 2.

On May 20, 1931, appellee conveyed lot No. 18, in block 111, to Alfonso Mona and Carmen R. De Mona, reserving a vendor's lien to secure the payment of a note in the sum of $3,250 given by the Monas as part of the purchase price.

On June 23, 1931, Jesus Blancas executed the following assignment to Smith:

"The State of Texas, County of El Paso

"Knew all men by these presents, that in consideration of Ten ($10.00) Dollars and other good and sufficient consideration in hand paid me by Sydney Smith, the receipt of which is hereby acknowledged, I, Jesus Blancas, hereby assign, transfer and convey unto the said Sydney Smith, one certain note executed by Alfonso Mona and Carmen R. Mona, dated the 20th day of May, A. D. 1931, aggregating Three-Thousand Two-Hundred and Fifty ($3,-250.00) Dollars.

"Said note having been given to me in part payment for that certain tract or parcel of land, situated in El Paso County, Texas, fully described in the deed bearing even date of said note, recorded in volume ——, page ——, Deed Records of El Paso County, Texas, which is referred to and made a part hereof for further description.

"To have and to hold the above mentioned note together with all and singular the contract lien, vendor's lien, rights, equities and interest in said land which I have by virtue of being the vendor in said deed and payee in said note. And I bind myself that said note is the first lien on the said land and that all payments, offsets and credits have been allowed. This conveyance, however, not to affect in any manner my liability as indorser on the back of said note. And I hereby guarantee the payment of principal and interest of said note or any extension or renewal thereof, hereby waiving protest, diligence and suit on the same.

"Witness my hand this 23 day of June, A. D. 1931.

"Jesus Blancas."

Smith had given Jesus Blancas his note for $400, dated three days previous, due on or before one year from date. The note contained a recital that it was secured by a second lien on lot 18, block 111, Campbell's addition.

The present suit was brought by Blancas and wife to collect the $400, to cancel the notes given to Smith and the lien given to secure them, to remove cloud from their title, and to require an accounting as to the rents collected. They, as a ground for recovery, alleged that Smith agreed to take the Mona note at a 10 per cent. discount in full and final settlement of the $2,600 indebtedness held by him; that in payment of the difference in the amount of the Mona note, as discounted, and the amount of the six notes held by appellant, alleged to be $325, together with $75 loaned to appellant by them, appellant executed the $400 note sued upon; that as a part of the consideration for the transfer to him of the Mona note appellant had agreed to cancel and surrender the notes held by him and the lien on lots 14, 15, and 16, in block No. 29, but that this he had failed and refused to do. Appellant answered by general denial, and specially alleged that the $400 note was executed by him at the request of Blancas to evidence the interest of appellee in the Mona note which he had transferred to Smith as collateral security for the indebtedness to him; that it was not intended that appellant should pay said note unless and until Mona should pay appellant more on the note than the amount due appellant; that

appellant received no consideration for the giving of the note and that it was not executed to evidence any existing indebtedness; that Mona had never paid enough on the note to discharge the indebtedness owing to him and, therefore, he had never become obligated on the $400 note.

Appellant also pleaded by way of cross-action that appellee was indebted to him in the sum of $2,261.02 on the six notes given to him; that Mona and wife were insolvent; that to avoid the expense of foreclosure he had procured from Mona and wife a deed to lot 18, block 111, which title he was holding in trust for appellee; that said lot 18, block 111, was not at the date he acquired it, and was not at the date his cross-action was filed, of a reasonable market value in excess of $1,000; and that Jesus Blancas in his assignment of the Mona note to appellant as collateral had guaranteed its payment.

Appellant prayed for judgment for $2,261.02, and for foreclosure of the lien on lots 14, 15, and 16, block 29, and on lot 18, block 111.

By supplemental petition the Blancas alleged that Jesus Blancas was 61 years of age and unable to either read or understand the English language; that for sixteen years prior to 1932 appellant had been his attorney; that such relationship existed at the time of the assignment of the Mona note; that at the time of said assignment appellant had represented to him that he would be free from any further liability and that his property would be full and clear of all liens; that he was not told that he was guaranteeing the Mona note; that the assignment was not translated or explained to him; that appellant had by material representations induced him to indorse the note in blank and to execute the assignment guaranteeing its payment; that had he known the true facts he would not have executed the assignment; that appellant had materially altered the Mona note by accepting interest and monthly installments thereon at a rate and amount less than that provided by the terms of the note; and had, without their knowledge or consent, released Mona and wife from further liability on the note.

In response to special issues the jury found that appellant took the Mona note in full and final discharge of the $2,600 owing to him by appellee; that the $400 note was given by appellant to Jesus Blancas as evidence of an indebtedness;

that it was not the intention of the parties that the $400 note was not to be paid unless more than $2,600 was collected on the Mona note; that appellant was indebted to appellee in the sum of $141.67 for rents collected on the property; that Jesus Blancas executed the assignment of the Mona note with the belief that he was released from all obligation to satisfy the same in the event that Mona failed to pay it; and that Blancas was induced to so believe by the statements made by appellant.

From a judgment in favor of appellee for the amount of the $400 note, together with interest and attorney's fees, for $141.67 rents collected, canceling the six notes given by appellee to appellant in renewal of the First Mortgage Company notes, declaring the liens securing their payment to be null and void, and that appellant take nothing on his cross-action, this appeal has been prosecuted.

## Opinion.

Appellant's first assignment and propositions thereunder read:

"First Assignment of Error. The court erred in denying defendant a recovery on his cross-action against plaintiff Jesus Blancas based upon the Alfonso Mona note.

"First Proposition. It being admitted that plaintiff Jesus Blancas had signed and acknowledged a written transfer of the Mona note to defendant in which written instrument payment of the note was guaranteed, and that the note had not been paid when it matured, defendant was entitled to judgment thereon as against plaintiff unless there was a finding by the jury that defendant by material misrepresentations to plaintiff fraudulently made had induced him to so execute said instrument.

"Second Proposition. Whether representations were material and were fraudulently made is a question of fact for the jury and the special issues submitted should have required of the jury a finding on such material issues."

Appellant in his amended answer and cross-action alleged the sale of lot 18, block 111, to Mona, with his consent; the assignment of the note to him as collateral security for the payment of the indebtedness due him; the guaranty of the payment of said note by Blancas; that it was agreed that appellant was not releasing any lien or claim held by him against

Blancas or the property; and that Blancas was to receive only so much of the amount realized on said note as was in excess of the debt of appellant. Appellant further alleged payments on said note by Mona, their application on the debt due him by appellee, the insolvency and inability of Mona to continue paying installments on the indebtedness, and the taking of a deed to the property to himself, which he alleged he was holding in trust for appellee. After alleging these facts, appellant's pleading concluded with the following prayer: "Wherefore, premises considered, defendant prays, plaintiff Jesus Blancas being already before the court, that citation issue as against Felipa R. Blancas to the end that she be made a party to this suit, and that upon hearing he have judgment and recover as against said Jesus Blancas and Felipa R. Blancas, the principal sum of $2,261.02, together with interest thereon from October 20, 1933, at the rate of 8% per annum, together with an additional 10% upon the amount of principal and interest as attorney's fees; that his deed of trust lien, vendor's lien and collateral lien upon all of the real property hereinbefore described be foreclosed; that order of sale issue in the manner and form as prescribed by law and that said property be decreed to be sold and the proceeds realized therefrom applied upon the indebtedness hereinabove described, judgment for which, together with general relief and all costs of suit is here and now prayed for."

■ The only recovery appellant could have against Blancas based upon the Mona note would necessarily be by reason of Blancas' guaranty to pay it in the event Mona failed to do so. As will be seen from the above, there was no prayer by appellant for any such relief, and therefore, there could be no error on the part of the court in refusing to award appellant a judgment on his cross-action based upon such guaranty.

■ The theory upon which the suit was tried below was whether the Mona note was accepted by appellant in discharge of the debt of appellee, or whether he took it merely as collateral. We find nothing in the record to suggest that appellant was seeking a recovery from Blancas as guarantor of the Mona note. It is well established that a case on appeal must be decided on the same theory as that on which it was tried in the court below. 3 Tex. Jur. § 718, p. 1005, and authorities cited.

■ It further appears that appellant would not be entitled to recover against Blancas on his guaranty because of having released Mona, the maker of the note, without the knowledge or consent of Blancas. Article 5939, § 120, pars. 1, 2, 3, and 5, R.S.; King v. Parks, 26 Tex.Civ. App. 95, 63 S.W. 900; 6 Tex.Jur. § 182, p. 820.

Appellee introduced in evidence an assignment of an $880.64 interest in the Mona note executed by appellant to B. H. Garcia, guardian. The introduction of this instrument was objected to by appellant as being immaterial to any issue in the case, and its admission is here made the basis of appellant's second and remaining assignment of error.

■ The transaction by which collateral security is delivered by the debtor and accepted by the creditor constitutes a pledge. 11 C.J. p. 962.

■ Since a pledgee impliedly agrees faithfully to hold the pledge until the conditions have been performed upon the faith of which the choses in action, goods, or personal chattels have been delivered to him, the rule is general, if not universal, that the wrongful or unauthorized disposition of pledged property by the pledgee so as to put it out of his power to redeliver it on payment of the debt which it secures is a conversion for which an action will lie. 21 R.C.L., § 37, p. 675; Oriental Bank of New York v. Western Bank & Trust Co. (Tex.Civ.App.) 143 S.W. 1176, error refused; King v. Boerne State Bank (Tex.Civ.App.) 159 S.W. 433, error refused.

Such being the rule, the argument of appellant that he had a legal right to deal with the Mona note as his own, as long as the indebtedness due him was unpaid, cannot be accepted. While this was not an action for the conversion of the collateral, yet there was a sharp conflict as to whether the note had been delivered as collateral or had been accepted in full payment of the sum due him. Appellant was positive in his statement that the transfer was made to him merely as collateral, while Blancas was equally positive that he had paid his indebtedness to appellant by the transfer of the note.

■ In this condition of the record, any acts of the parties throwing light upon the issue would certainly be admissible. The transfer by appellant, at a subsequent date, of an interest in the pledge would

certainly be a circumstance tending to dispute his claim that he held it only as collateral.

We find no error in admitting the assignment.

The aforesaid assignments presenting no reversible error, the judgment will be affirmed.

WALTHALL, J., did not sit in this case.