### ST. PAUL FIRE & MARINE INS. CO. v. GARZA COUNTY WAREHOUSE & MARKETING ASS'N.
#### No. 8486.

Circuit Court of Appeals, Fifth Circuit. Dec. 9, 1937.

Rehearing Denied Jan. 13, 1938.

L. E. Elliott, of Dallas, Tex., for appellant.

Dan MacDougald, of Atlanta, Ga., and Austin Y. Bryan, Jr., of Houston, Tex., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was on a fire policy issued by appellant as insurer to appellee as assured, covering cotton held by the assured in trust or on commission, or in storage for the account of customers while contained in plaintiff's warehouse. The claim was that, while so covered, cotton there was on January 17, 1936, destroyed by fire.

Defendant admitted the making of the contract. It defended on the ground that by paragraph 7 of its policy it was provided: "It is understood and agreed that this insurance does not cover any cotton on which the owner has other insurance which would attach if this insurance had not been issued, except on the value, if any, in excess of such insurance"; that the owners of the cotton involved, one lot of 35, and one of 119 bales, had had insurance taken out, as to the 35 bales by Karbach-Biebers, with the Insurance Company of North America, and as to the 119 bales, by Commodity Credit Corporation, with Hartford Insurance Company, which would have attached if defendant's policy had not been issued; and that the Hartford Company, the insurance carrier on the 119 bales, was prosecuting the suit against defendant in plaintiff's name.

Plaintiff in rebuttal asserted of the Hartford policy: (1) That it was one insuring against "errors and omissions," in effect an "excess insurance" policy; (2) that it was not owner, but mortgagee insurance, issued for the benefit of, and protecting loans made by, Commodity Credit, pledgee; (3) that defendant, when it issued its policy, knew of the Hartford policy, knew that the Commodity Credit had issued instructions requiring warehouses to carry insurance on all cotton on which it had loans, and had procured a Hartford policy protecting itself against errors and omissions; (4) that, knowing these facts, it had issued its policy as, and intending it to be, primary insurance; and that, having done so, it is now estopped to claim that the Hartford policy is "other insurance" within the meaning of the exception.

In rebuttal as to the 35 bales owned and insured by Karbach-Biebers, plaintiff asserted that the North American policy Karbach carried provided that it "should be void to the extent of any other insurance, directly or indirectly covering the same property, whether prior to or subsequent in date," and that being conditioned to be void in the event of other insurance, it could not itself be "other insurance" within the meaning of the clause.

The case was tried to the court without a jury. At the conclusion of the evidence the defendant moved for a general judgment, and, in the alternative, made separate motions for judgment as to the Karbach-Biebers cotton and as to the Commodity Credit cotton. All of these motions were overruled, and the District Judge, upon full findings of fact and law, rendered judgment for the plaintiff, with interest from a date sixty days after the loss had occurred.

This appeal tests whether there was error in denying the plaintiff's general motion for judgment, and whether there was any in denying the separate motions.

As to the Karbach-Biebers 35 bales of cotton, this appeal raises only one question, whether the provision in its policy, that it would be void if any other insurance was taken out, prevented its being within the meaning of clause 7 of defendant's policy, "other insurance which would attach if this insurance had not been issued"; whether, in short, defendant's policy was, as to this cotton, primary or excess insurance.

As to the 119 bales, as to which Commodity Credit Corporation carried insurance with the Hartford Company, four questions arise: (1) Whether the Hartford policy was "other insurance which would attach if this insurance had not been issued"; (2) whether Commodity Credit Corporation was the owner of the cotton, so as to make the Hartford policy owner's insurance; (3) whether, if Commodity Credit was not the owner, the insurance was gotten by it for owner's benefit so as to make it owner's insurance within the exception; (4) whether, if the Hartford policy on its face be "other insurance"

within the meaning of the excepting clause, the facts found by the court as to defendant's knowledge and actions when and after it issued its policy support the finding of waiver, and of estoppel to raise this defense.

Taking up, first, the Karbach-Biebers cotton, we are of the opinion that the insurance on it was within the excepting clause "other insurance"; that as to it appellant's policy is not primary, but excess insurance; and that its motion for directed verdict as to that cotton should have been granted.

As to the Commodity Credit cotton, we are of the opposite opinion. We think it clear that the Hartford policy on that cotton was not "other insurance" within the meaning of the clause; that Commodity Credit was not the owner of the cotton, and that it did not secure the insurance as agent, or for the benefit of the owner; and that, whatever the nature of the Hartford policy as to it, that policy was not "owner's insurance" within the excepting clause.

Finally, we think that the facts the record discloses and the court finds make it abundantly clear that the defendant issued its policy with knowledge of the existence of the Hartford policy as excess insurance, and intending that its policy should constitute primary coverage, and, if it could otherwise have claimed the Hartford policy as other insurance within clause 7, it waived that claim, and, by its active conduct in the premises, is estopped to claim that it was, in this suit.

■ We think appellee's argument for an affirmance of the judgment, as to the Karbach-Biebers cotton (that the provision in the North American policy for its avoidance in case of "other insurance" prevents that policy being "other insurance"), disregards and ignores the language of defendant's excepting clause 7. None in the long list of authorities cited by appellee supports its argument. No case having to do with a clause having the precise language of this one is cited. A common-sense construction of it compels the conclusion that defendant's policy does not cover as to the Karbach-Biebers cotton except as excess insurance; that it is as to the North American policy, not "other" but simply "excess" insurance.

■ As to the Commodity Credit Corporation cotton, the matter is entirely different. The whole structure of the Hartford policy, the precise clause in it, as well as what was actually done by defendant in insuring the Compress cotton, make perfectly plain that what the parties were intending to do was to issue defendant's policy as primary, Hartford's, as "Errors and Omissions, and Excess" insurance.

Defendant's argument that the Hartford policy is "other insurance" within the meaning of clause 7 finds little to base on, when the policy is considered from the standpoint of its language alone. It is shown to be wholly without foundation when it is considered in the light of the construction defendant placed on it, and its acts and conduct in issuing the primary insurance, to which the Hartford was to be excess.

But, if the Hartford policy should be construed to be other insurance, this would not avail appellant, for it is not other insurance which "the owner has." Its claim that as pledgee the Commodity Credit Corporation is owner will not do. Krackau v. Freeman, Tex.Civ.App., 60 S.W.2d 853; City Bank Farmers' Trust Co. v. Bowers, 2 Cir., 68 F.2d 909; Smith v. Blancas, Tex. Civ.App., 87 S.W.2d 781.

■ In Arcola Sugar Mills Co. v. Burnham, 5 Cir., 67 F.2d 981, we pointed out that, while a pledgee has some of the rights of an owner, he is, until in the manner prescribed in the pledge he has become the owner, still a pledgee.

■ Nor is defendant in any better case upon its contention that the insurance was owner's insurance, because taken out by Commodity Credit as agent and for the use of plaintiff.

The District Judge found, upon evidence fully supporting the finding, that the Hartford insurance was not owner's insurance in that sense; that it was pledgee's insurance, taken out by the pledgee, to protect its interest. It is settled law that such insurance is not within the prohibition of other insurance by the owner. American Eagle Fire Ins. Co. v. Vaughan, 4 Cir., 35 F.2d 147; De Shields v. Insurance Co. of North America, 125 S.C. 457, 118 S. E. 817; Clower v. Fidelity-Phenix Fire Ins. Co., 220 Mo.App. 1112, 296 S.W. 257; Thompson v. Nat. Fire Ins. Co., 48 S.D. 224, 203 N.W. 464; Suetterlein v. Northern Ins. Co., 251 N.Y. 72, 167 N.E. 176; Commonwealth Ins. Co. v. Evans, Tex.Civ. App., 42 S.W.2d 1088; Wolpers v. Globe & Rutgers Fire Ins. Co., Mo.App., 61 S.

W.2d 224; American Ins. Co. v. Newberry, 215 Ala. 587, 112 So. 195.

Upon the matter of interest, we think the facts support the District Judge's findings that on or before the date fixed by him for the running of interest there was a denial of liability under the policy within Delaware Underwriters & Ins. Co. v. Brock, 109 Tex. 425, 211 S.W. 779.

The judgment was right as to the 119 bales of Commodity Credit Corporation cotton. It was wrong as to the Karbach-Biebers 35 bales.

As the amount of the Karbach-Biebers recovery is a mere matter of calculation, the judgment will be reformed and amended to eliminate the amount awarded on account of that cotton, and, as reformed, it will be affirmed.