Laverna **ZEEB** and **FJS, Inc.,** Appellants,

v.

**NATIONAL FARMERS UNION PROPERTY AND CASUALTY COMPANY,** Appellees.

No. 90–5556.

United States Court of Appeals, Eighth Circuit.

Submitted May 17, 1991.

Decided Oct. 11, 1991.

**602**

Gale Fisher, Sioux Falls, S.D., for appellants.

David S. Evinger, Minneapolis, Minn., for appellees.

Before JOHN R. GIBSON and LOKEN, Circuit Judges, and ROSS, Senior Circuit Judge.

ROSS, Senior Circuit Judge.

Plaintiffs Laverna Zeeb and FJS, Inc. brought this action alleging breach of contract and bad faith after defendant, National Farmers Union Property and Casualty Company (NFU), failed to pay insurance proceeds on property which was destroyed by a fire in 1987. The district court granted summary judgment in favor of NFU finding that the NFU insurance policy was void as a result of an "other insurance" clause in the contract. Based on our reasoning set forth below, we reverse and remand for further proceedings.

NFU issued an insurance policy to Laverna Zeeb and FJS Inc. for the period of July 8, 1986 to July 8, 1987, for a mobile home located on a farm outside Menno, South Dakota. The unscheduled personal property clause read:

> We cover personal property owned or used by an insured while it is on a residence location. At your request we will cover personal property owned by others while the property is on that part of the residence location occupied by an insured.

The policy also contained an "other insurance" clause which stated:

> OTHER INSURANCE. If you are carrying other insurance on the property, the coverage under this policy is null and void. We may permit other insurance, however, by endorsement to this policy.

Laverna Zeeb and her husband Ronald Zeeb also owned a home in Menno, South Dakota, which was insured by American Family Insurance Company. The American Family policy had a personal property clause which provided that personal property moved to a new residence would retain coverage under the policy for a period of thirty days.

In the early summer of 1987, the Zeebs sold the Menno house and began moving its contents, including clothing, food, appliances and personal belongings, to the mobile home on the farm. On July 5, 1987, the mobile home was struck by lightning which destroyed the structure and its contents, including personal property which had been moved from the Menno home and which continued to be insured under the American Family policy.

Dave Jenkins, an NFU agent, determined that the cause of the fire was lightning and asked the Zeebs to itemize the items lost in the fire. The property listed on the inventory sheet, including the property insured under both the NFU and the American Family policies, amounted to $24,558.75. Mr. Zeeb informed the NFU agent that some of the items listed on the inventory sheet included property that had been moved from the home in Menno and was insured by American Family. Since the NFU policy had a $12,000 loss limit on the contents of the dwelling, Jenkins told Zeeb that the part of the loss relating to the

property moved from the Menno house should be paid by American Family. Jenkins instructed Zeeb to mark an "X" next to the items listed on the inventory sheet that were insured by American Family. The items indicated as insured by American Family totalled $12,297.00.

While American Family first notified NFU and the Zeebs that there was no existing American Family coverage, following a period of negotiations, American Family changed its position and admitted its liability. In the meantime, however, on September 22, 1987, Ronald Zeeb submitted a sworn Proof of Loss statement to NFU stating that there was no other insurance on the property. The claim form did not include any of the property insured by American Family.

On February 5, 1988, David Evinger, attorney for NFU, wrote a letter to Mrs. Zeeb outlining a telephone conversation in which Mrs. Zeeb stated that she owned the contents of the burned building with her husband on a 50/50 basis. Because Mr. Zeeb was not a named insured on the policy, NFU determined that Mrs. Zeeb was entitled to only half the value of the damaged property which was insured by NFU, which totalled $14,914.65. Accordingly, Mrs. Zeeb received a check in the amount of $7,457.33.

Without notifying NFU of its changed position, American Family determined that the personal property loss would be covered under the "moving" provision in the policy. Thereafter, on May 11, 1989, American Family paid the Zeebs $8,144.84.

On July 11, 1989, NFU wrote a letter to the Zeebs stating that it had recently discovered that the Zeebs received insurance benefits from American Family regarding the July 5, 1987 fire. Accordingly, NFU stated that the NFU insurance policy was void based on the "other insurance" provision in the policy. The letter stated that the Zeebs had not only lost the $12,000 coverage on the contents of the dwelling but had forfeited the $24,000 coverage on the structure as well. NFU took the position that when the Menno personal property was moved to the farm, it automatically

became personal property covered under the NFU policy, and because Mrs. Zeeb already had insured that property through American Family, she now forfeited the entire coverage under the NFU policy. The district court agreed and entered summary judgment in favor of NFU.

On appeal, the plaintiffs assert an equitable estoppel argument to the effect that the NFU agent Dave Jenkins had an obligation to inform Zeeb that all the destroyed property was covered under the NFU policy, and that separating the items covered by American Family and notating them with an "X" was unnecessary. By following Jenkins' instructions, plaintiffs lost their NFU coverage and presented NFU with a forfeiture defense. The plaintiffs argue that under South Dakota law, the doctrines of equitable estoppel and detrimental reliance prevent this unjust result.

Although a literal reading of the "other insurance" provision may lead to the conclusion that other insurance was in effect on the same property which served to nullify the NFU insurance, this was neither the desired outcome nor the intended purpose of such "other insurance" provisions. Generally speaking, other insurance clauses are designed to minimize the incentive for an insured to defraud or to ignore the existence of a hazard which might cause a loss. *See* 9 G. Couch, *Cyclopedia of Insurance Law* § 37B:1 (2d ed. 1985).

In a case analogous to the one before us, it was held that insurance on household goods is not avoided by a subsequent policy on subsequently acquired household goods, particularly where it was the intent of the insured to separately insure the after-acquired property and not to obtain additional or concurrent insurance. *Jacobs v. Farmers Mut. Ins. Co.*, 5 Cal.App.2d 1, 41 P.2d 960, 964 (1935). Similarly, in *Suetterlein v. Northern Ins. Co.*, 251 N.Y. 72, 167 N.E. 176 (1929), the court held that

If the coverage of one policy is an interest wholly separate, in substance as well as in form, from the coverage of the second, there is no "other insurance"

within the scope of the condition. The limitation is as settled as the rule itself.

*Id.* 167 N.E. at 177.

In the present case, it is clear that it was never intended that the two insurance policies would serve as additional or duplicate insurance on the same property. At the time of their issuance, the NFU and the American Family policies insured two entirely different pieces of property; the coverage did not overlap in any respect. In fact the question of double coverage arose only when property insured by the American Family policy was removed from the Menno home and placed in the mobile home on the farm. This resulting overlap in coverage existed only temporarily due to the thirty day "moving" provision in the American Family policy. It is not the act of moving property to a different location which triggers the "other insurance" avoidance clause in an insurance policy, but rather it is the procurement of a concurrent or additional insurance policy on the same property. Clearly this was not the case here.

We conclude that, under the facts of this case, the application of the "other insurance" provision in the NFU policy to nullify the NFU insurance coverage would be beyond the purpose of such "other insurance" provisions and would produce an unconscionable result. This is especially true in light of the fact that the plaintiffs would lose coverage not only on the contents of the dwelling, but also on the structure itself. Accordingly, we reverse the district court's grant of summary judgment in favor of NFU and remand this case for further proceedings consistent with this opinion.